# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 02-30029

---

HARRY MENDOZA, NORVEL ORAZIO,

Plaintiffs-Appellants,

versus

THE CITY OF NEW ORLEANS, et al.,

Defendants;

THE CITY OF NEW ORLEANS,

Defendant -Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 98-CV-2868-J)

---

February 14, 2003

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant police officers were promoted to the rank of captain from the rank of lieutenant as part of a consent decree in this Title VII lawsuit. The district court denied the officers back pay, however, because it determined they actually earned more money as lieutenants than they would have earned had they been timely promoted to captain. Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

# I. FACTS AND PROCEEDINGS

The facts are undisputed. In August 2000 the district court, pursuant to a 1987 Title VII consent decree, ordered the City of New Orleans to promote police officers Harry Mendoza and Norvel Orazio to the rank of captain, with all back pay and benefits, retroactive to August 5, 1998. The City promoted the officers February 10, 2001, but failed to give them back pay. The officers responded with a motion for contempt. The district court denied the motion, concluding that the officers were not entitled to any back pay under Title VII because they had actually earned *more* money as lieutenants than they would have earned had they been timely promoted to captain in August 1998. Lieutenants are non-exempt employees under the Fair Labor Standards Act and earn overtime compensation; captains are exempt under the FLSA and are not paid overtime. The officers, as lieutenants, exceeded a captain's salary by working overtime.

The court relied primarily on *Chesser v. State of Illinois*, 895 F.2d 330 (7th Cir. 1990) and *Bing v. Roadway Express, Inc.*, 485 F.2d 441 (5th Cir. 1973) to conclude that Title VII required that the officer's *full* lieutenant income, including overtime, be deducted in calculating back pay. Under that calculation method, it determined the officers were not entitled to any back pay because they actually earned more as lieutenants.

# II. STANDARD OF REVIEW

A district court's denial of back pay is ordinarily reviewed for abuse of discretion. *See Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 631 (1983). Unlike in *Carpenter*, however, the district court did not decide the question of whether the officers were entitled to back pay *vel non*. More accurately, the district court decided that the officers *were* entitled to back pay which, unfortunately for the officers, totaled zero dollars. The issue for appeal is the proper method of

calculating back pay under Title VII, which is purely a legal question that we review de novo.

## III. DISCUSSION

In calculating back pay under Title VII, "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e-5(g). We must decide whether the officers' overtime pay counts as "interim earnings"; the cases cited by the district court, *Bing* and *Chesser,* are directly on point.

*Bing* involved a suit by black drivers against a motor carrier for its discriminatory rule that impeded transferring from the job of "city driver" to the more desirable "road driver." 485 F.2d at 443-44. The district court awarded Bing the difference between the amount a road driver would have made during the relevant time period and the amount he actually made as a city driver and while "moonlighting" at various additional driving jobs. *Id.* at 453. The district court subtracted the amount that Bing made moonlighting because, had Bing been a road driver, the longer hours would have precluded moonlighting. *Id*. Because the amount Bing actually made was more than he would have made had he not suffered discrimination, the district court awarded him no back pay. *Id*. On appeal, this Court determined that Bing's moonlighting wages were "interim earnings," making them deductible from his back pay award. *Id*. This Court stated that Bing was being treated equitably since he had actually worked shorter hours and earned more money during the period in which he suffered discrimination. *Id*.

In *Chesser*, a police officer was fired in violation of Title VII, and the district court awarded him back pay for the period between his termination and his rehiring. 895 F.2d at 334. In calculating back pay, the district court did not deduct the officer's interim wages as a private investigator. *Id*. at

3

337. The Seventh Circuit reversed, emphasizing that police policy would have prohibited the officer from working as a private investigator while on the police force. *Id*. Citing *Bing*, the court held that "interim earnings" under Title VII included the earnings from jobs that could not have been worked had no discrimination occurred. *Id*. at 338.

The officers argue that *Bing* and *Chesser* are distinguishable because those plaintiffs made a deliberate decision to seek outside employment, whereas these officers stayed with the same employer. In other words, the officers emphasize that their overtime pay was a result of the *defendant*'s failure to promote them, not, as in *Bing* and *Chesser*, a result of their own choices. Setting aside whether the officers chose to work overtime, the distinction is immaterial to the analysis. Just as in *Bing* and *Chesser*, it would have been impossible for the officers to have earned the disputed wages absent the discrimination.

The officers argue that applying *Bing* to this case would be tantamount to penalizing *their* industriousness for *the City's* wrongdoing. In *Bing*, the Government, as amici, unsuccessfully made a similar argument, to which we responded: "As a matter of policy the Government's argument is strong, and we find it tempting. Unfortunately, however, we find that we cannot escape the statute's clear admonition even though we may disagree with its policy." 485 F.2d at 454. Congress has not amended the statute, nor has *Bing* been overruled. We note additionally that the purpose of Title VII is to "make persons whole for injuries suffered on account of unlawful discrimination." *Floca v. Homcare Health Serv., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975)). As the district court stated, awarding back pay in excess of a captain's salary would make the officers more than whole.

## IV. CONCLUSION

4

The judgment of the district court is affirmed.